UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RUTH A. HOWARD,            )
                           )
    Plaintiff,             )
                           )
v.                         )   CASE NO: 1:14-cv-
                           )
KNIGHT FACILITIES MANAGEMENT, )
LLC, d/b/a CARAVAN,        )
                           )
    Defendant.             )

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against Defendant that:

1. The Plaintiff is Ruth A. Howard, a resident of Fort Wayne, Indiana and a black/African-American female, over the age of forty (40), with a disability/perceived disability/record of impairment who at all times relevant to this Complaint worked for the Defendant at their Roanoke, Indiana location.

2. The Defendant is Knight Facilities Management, LLC d/b/a Caravan ("Caravan"), a company doing business at 12200 Lafayette Center Road, Roanoke, Indiana 46783, with its corporate offices located at 1400 Weiss Street, Saginaw, Michigan 48602. Defendant's registered agent is Corporation Service Company, 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204. At all material times to this Complaint, the Defendant was an employer for the purposes of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., ("FMLA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e) *et seq.*,

and 42 U.S.C. § 1981, and for the purposes of the Indiana Worker's Compensation Act.

3. Plaintiff filed a Charge of Discrimination on or about June 17, 2013, EEOC #846-2013-37458 a copy of which is attached hereto, incorporated herein and made a part hereof as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights/ Notice of Suit Rights ("NORTS") on or about January 31, 2014, as copy of which is attached hereto as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this suit, which has been timely filed within 90 days of the issuance of the EEOC's NORTS.

4. Plaintiff was a loyal and hard-working employee that worked for the Defendant from September 2008, until her wrongful termination on or about November 13, 2013. She had performed within the reasonable expectations of the employer throughout her employment.

5. On or about July 25, 2013, Plaintiff suffered a work related injury for which she was entitled to Worker's Compensation benefits. The Plaintiff tripped over an object left lying on the ground by a co-worker. Plaintiff was taken to the hospital and treated for her injuries.

6. Defendant alleged Plaintiff's injury was due to a preexisting illness which constituted a disability/perceived disability/record of impairment, for which Plaintiff was already utilizing intermittent FMLA leave.

2

7. Plaintiff's similarly-situated co-workers who were under the age of forty (40), and/or were white/Caucasian, and/or had not utilized FMLA were permitted to utilize worker's compensation benefits for work-related injuries.

8. Plaintiff returned to work on or about August 2, 2013, without restrictions. Plaintiff's supervisor removed Plaintiff from her normal duties and had a co-worker train Plaintiff on a job that was less strenuous than her original position.

9. Although Plaintiff performed the new position without any complications, she was removed and placed back in her original position. Plaintiff complained to her supervisors that the job duties of her original position exacerbated the symptoms from her work-related injury and asked for the reasonable accommodation of a mop extension handle to assist with her cleaning duties (the extension would have limited the need for Plaintiff to bend or twist, which worsened Plaintiff's work related injury) or to be given a different job within the facility that would not exacerbate the injury.

10. Defendant originally stated they would accommodate Plaintiff's request, but never followed through. Plaintiff saw her physician and was placed on partial work restrictions.

11. On or about September 6, 2013, Plaintiff's supervisor informed her that they would not accommodate her work restrictions and sent her home. Plaintiff was capable of doing several other jobs without complications or violating her work restrictions.

12. Plaintiff's similarly-situated co-workers who were under the age of forty (40), and/or were white/Caucasian, and/or had not utilized FMLA, and/or had not attempted to utilize Worker's Compensation received reasonable accommodations for their disability/perceived disability/record of impairment.

13. Defendant refused to engage in the interactive process with Plaintiff in violation of the ADA.

14. At Plaintiff's request, her physician removed her work restrictions allowing Plaintiff to return to work under the requirements set forth by the Defendant. Unfortunately, Plaintiff's work related injury was exacerbated yet again, resulting in Plaintiff's hospitalization.

15. On or about January 22, 2013, Plaintiff was placed on permanent work restrictions. Defendant informed Plaintiff she could not return to work as long as she had work restrictions.

16. There were several other jobs available at the Defendant's facility Plaintiff also could have performed without violating her work restriction. Plaintiff could have performed her original position if Defendant would have provided her with the reasonable accommodation of a mop extension handle.

17. Plaintiff contends that she was discriminated against, retaliated against and terminated for asserting her rights to Workers Compensation benefits, and/or for asserting her rights under the FMLA, in violation of the laws and public policies of the State of Indiana, and/or in violation of Plaintiff's rights under federal law:

   A. Plaintiff had performed within the reasonable expectations of the employer;

4

    B. Similarly situated employees that had not asserted their rights to Workers Compensation benefits and/or those that did not use FMLA were treated more favorably than the Plaintiff was, when they requested accommodations relating to their work;

    C. The Plaintiff's permanent work restrictions did not prevent her from completing the essential functions of her job, but the Defendant nevertheless terminated her, whereas similarly situated employees that had not asserted their rights to Workers Compensation benefits and/or FMLA benefits were not terminated

    D. Similarly situated employees that had not utilized FMLA were permitted to utilize worker's compensation benefits for work-related injuries.

18. In the alternative, the Plaintiff contends that she was discriminated against, retaliated against and terminated on the basis of her age (over forty), in violation of her rights under the ADEA:

    A. Plaintiff had performed within the reasonable expectations of the employer;

    B. Similarly situated employees under the age of forty were treated more favorably than the Plaintiff was, when they requested accommodations relating to their work;

    C. Similarly situated employees under the age of forty were retained and not terminated by the Defendant when they had permanent work restrictions.

    D. Similarly situated employees under the age of forty were permitted to utilize worker's compensation for their work-related injuries.

19. Also in the alternative, the Plaintiff contends that she was discriminated against, retaliated against and terminated on the basis of a disability/perceived disability/record of impairment, and denied reasonable accommodations in violation of her rights under the ADA:

5

    A.    Plaintiff had performed within the reasonable expectations of the employer;

    B.    Similarly situated employees that lacked disabilities/perceived disabilities/ records of impairment were treated more favorably and granted accommodations in their work;

    C.    Similarly situated employees that lacked disabilities/perceived disabilities/records of impairment were retained and not terminated by the Defendant when they had permanent work restrictions;

    D.    Similarly situated employees that lacked disabilities/perceived disabilities/records of impairment were permitted to utilize worker's compensation for work-related injuries.

20.    In the alternative, the Plaintiff contends that she was discriminated against, retaliated against and terminated on the basis of her race black/African-American, in violation of her rights under the Title VII and §1981:

    A.  Plaintiff had performed within the reasonable expectations of the employer;

    B.  Similarly situated non-black/non-African-American employees were treated more favorably than the Plaintiff was, when they requested accommodations relating to their work;

    C.  Similarly situated non-black/non-African-American employees were retained and not terminated by the Defendant when they had permanent work restrictions;

    D.  Similarly situated non-black/non-African-American employees were permitted to utilize worker's compensation benefits for their work-related injuries.

21.    The Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job related benefits including income, and subjected the Plaintiff to inconvenience, emotional distress,

and other damages and injuries.

22. The Defendant's discriminatory and/or retaliatory conduct furthermore was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federal and state protected rights under the ADEA, ADA, FMLA, Title VII, 42 U.S.C. § 1981 and/or Indiana Worker's Compensation Act. Imposition of punitive damages (where available) and liquidated damages (where available), is appropriate.

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendant for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, No. 10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
ismith@myers-law.com
Attorneys for Plaintiff

rjg
S:\Howard, Ruth\Pleadings\Complaint.docx

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 846-2013-37458 |

| Indiana Civil Rights Commission | and EEOC |
|---|---|

*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.)   **Home Phone** (Incl. Area Code)   **Date of Birth**
Ms. Ruth Howard

**Street Address**   **City, State and ZIP Code**
7609 Lakeridge Dr, Fort Wayne, IN 46819

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CARAVAN KNIGHTS FACILITIES MANAGEMENT LLC | 15 - 100 | |

**Street Address**   **City, State and ZIP Code**
12200 Lafayette Center Road, Roanoke, IN 46783

EEOC Indianapolis District Office

JUN 17 2013

RECEIVED

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[ ] RETALIATION   [X] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 07-25-2012   Latest: 01-22-2013
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired as a Housekeeper in 2008.

On July 25, 2012, I was injured on the job and became disabled. My employer filed the incident under my FMLA for a disability that did not cause the fall. I did not sign FMLA paperwork. I was restricted to light duty because of my work injury but my employer did not accommodate me, although they have accommodated other employees who were injured on the job or had other medical conditions with light duty positions. The employees who were accommodated were younger than me and non-black.

I believe I was denied an accommodation because of my race, black, my age, 58 years, and my disabilities, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, as amended, and the Age Discrimination in Employment Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jun 17, 2013   [signature] Ruth A. Howard<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT "A"

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ruth Howard<br>4401 Spatz Ave<br>Fort Wayne, IN 46806 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2013-37458 | Randy G. Poynter,<br>Enforcement Supervisor | (317) 226-5670 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- **NOTICE OF SUIT RIGHTS** -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Webster N. Smith,
Director

JAN 3 1 2014

Enclosures(s)    *(Date Mailed)*

cc:    Ruth A. Little
HR/Labor Relations Director
CARAVAN FACILITIES MANAGEMENT LLC
1400 Weiss Street
Saginaw, MI 48602

EXHIBIT "B"